(108 So. 78)

## HESTER v. STATE. (8 Div. 398.)

(Court of Appeals of Alabama. April 6, 1926.)

1. **Criminal law ⟐459—In prosecution for possessing still, it was error to allow witness to say that he saw defendant going in direction of still with sack which witness "took to be a sack of sugar."**

In prosecution for possessing still, it was error to allow witness to say that he saw defendant going in direction of still with sack which witness "took to be a sack of sugar."

2. **Intoxicating liquors ⟐238(2)—In prosecution for possessing still, failure to give general affirmative charge for defendant, who came along with copper pipes, lard can, and flour while officers were destroying still 1½ miles from his home, held reversible error.**

In prosecution for possessing still, failure to give general affirmative charge for defendant, who came along with copper pipes, lard can, and flour while officers were destroying still 1½ miles from his home, *held* reversible error.

Appeal from Circuit Court, Franklin County; C. P. Almon, Judge.

Luther Hester was convicted of violating the prohibition laws, and he appeals. Reversed and remanded.

Williams & Chenault, of Russellville, for appellant.

The evidence was not sufficient to show defendant's guilt of possessing a still. Hobdy v. State, 100 So. 571, 20 Ala. App. 44; Gay v. State, 96 So. 646, 19 Ala. App. 238. Mere presence at the still is not sufficient to warrant a conviction. Biddle v. State, 99 So. 59, 19 Ala. App. 563; Farmer v. State, 99 So. 59, 19 Ala. App. 560.

Harwell G. Davis, Atty. Gen., and Thos. E. Knight, Jr., Asst. Atty. Gen., for the State.

The evidence was sufficient to warrant a verdict of guilty. Evidence of articles found in defendant's possession was properly admitted. McGee v. State, 99 So. 772, 19 Ala. App. 633; Jones v. State, 93 So. 332, 18 Ala. App. 626.

RICE, J. A whisky still was found about 1½, or more, miles from the home of appellant, on the lands of another. To quote from the brief of the Attorney General, filed on this appeal: "While the officers were destroying the still, along came the defendant with some copper pipes, a lard can, and a jar of flour." There was some other evidence to the effect that appellant complained to a witness about having been arrested on account of the still, and stated, in substance, to the said witness that, if he (witness) "would have told him (appellant) that the still was too close (to witness' house), he would have moved it."

[1] In the view we have taken of the case, we deem it unnecessary to pass upon each exception reserved on the taking of testimony. None of them are based upon rulings involving more than elementary principles of law. And, upon another trial, few, doubtless, of the questions, will again arise in the same form. We might observe in passing that it was clearly erroneous to allow the witness to say that upon an occasion he saw defendant going in the general direction of where the still was found with a sack which witness "took to be a sack of sugar."

Appellant was convicted under that count in the indictment which charged him with "unlawfully being in possession of a still, etc., to be used for the purpose of manufacturing prohibited liquors."

[2] The court has, sitting en banc, carefully read the entire evidence, and we are of the opinion that nothing was shown from which the jury could lawfully infer that appellant was in possession of the still which was found. The evidence as disclosed in the record does not create even a very strong suspicion that the still was in the possession of the defendant.

It follows that the court erred in refusing to give the duly requested general affirmative charge in favor of appellant. For this error, let the judgment be reversed, and the cause be remanded.

Reversed and remanded.